UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

      Case No. 15-20574
      Hon. Denise Page Hood

COREY DEANDRE MAPP.

      Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION TO FILE § 2255 MOTION [#208] [#209] [#210]**

### I.    BACKGROUND

This matter is before the Court on *pro se* Petitioner Corey Deandre Mapp's ("Mapp") Second Motion for Extension of Time to File Motion under 28 U.S.C. § 2255. On April 25, 2018, Mapp filed his first Motion for Extension of Time to File a § 2255 Motion. [ECF No. 203] In that Motion, Mapp asserted that he required additional time to file a § 2255 motion because he had been transferred from different correctional institutions, he was illiterate in the law, he was indigent and his court-appointed counsel, Henry Scharg, abandoned him after he was sentenced by the Court on April 20, 2017. [*Id.*]

After entering into a Rule 11 Plea Agreement with the Government, Mapp was sentenced to a term of imprisonment with the Bureau of Prisons of 100 months

on Counts 1 (18 U.S.C. § 1962(d), Racketeering Conspiracy) and 2 (18 U.S.C. § 1959(a)(3), Assault with a Dangerous Weapon in Aid of Racketeering), to run concurrently, and 120 months on Count 3 (18 U.S.C. § 924(c) & 2, Use and Carry of a Firearm During, and in Relation to, a Crime of Violence), to run consecutively to Counts 1 and 2. [ECF No. 176] (Judgment, Imposed April 20, 2017; Filed June 8, 2017). No Notice of Appeal was filed from the Judgment, nor an order withdrawing Scharg as Mapp's counsel.

In its May 2, 2018 Order, the Court denied Mapp's Motion and directed defense counsel to provide Mapp with a copy of the Judgment and Rule 11 Plea Agreement and "other papers related to his client's case." [ECF No. 204] Because Mapp claims he was "abandoned" by his counsel immediately after the Court pronounced its Judgment on the record, and because Mapp claimed there were delays in receiving his legal materials and documents due to various transfers from different correctional institutions, the Court directed Mapp's counsel to immediately provide his client with, at the minimum, a copy of the Judgment and Rule 11 Plea Agreement, so that Defendant Mapp would have the basic information required to timely file his § 2255 motion.

## II.　LEGAL ANALYSIS

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under 28 U.S.C. § 2255

are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001).

The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires. *Sanchez Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Mapp's Judgment was imposed on April 20, 2017 and entered on June 8, 2017. Mapp had 14 days to file a notice of appeal from the entry of the Judgment. Fed. R. App. P. 4(b)(1). As noted above, Mapp did not appeal his sentence. Mapp's judgment of conviction is deemed final on June 22, 2017. The one-year limitation period under § 2255 is June 21, 2018.

The time limitation under § 2255 may be subject to equitable tolling. *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). To determine whether equitable tolling is warranted the Court examines the (1) petitioner's lack of notice of the filing requirement; (2) petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Id.* at 933.

However, the Court cannot rule on Mapp's Motion for an Extension without a properly filed § 2255 Motion. *United States v. Asakevich*, 810 F.3d 418, 419 (6th Cir. 2016). In *Asakevich*, the Sixth Circuit held that district courts lack jurisdiction to grant an extension for a § 2255 motion that has not yet been filed. *Id.* The Sixth Circuit opined that the Court has "no license to issue advisory opinions" and that principle cannot be adjusted "no matter how convenient or efficient the request might otherwise be." *Id.* at 421 (internal citations omitted).

Despite the Sixth Circuit's holding in *Asakevich*, the court acknowledged that "a failed pro se extension motion may provide support for the equitable tolling of a late, but later *filed*, § 2255 action. . . . [T]he district court's discretion, as opposed to its jurisdiction, would guide the answer." *Id.* at 424 (emphasis in original).

Here, Mapp filed his motions for an extension before filing an initial § 2255 motion. Consequently, Mapp's Motion for an Extension of Time to File a § 2255 Motion [ECF No. 208; ECF No. 209, ECF No. 210] is **DENIED WITHOUT PREJUDICE**. If and when Mapp files a § 2255 motion, accompanied by an extension motion, the Court would be inclined to rule on an extension based on the appropriate factors.

Dated: July 24, 2020                    s/Denise Page Hood
                                        United States District Judge