UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

                                   Criminal Case No: 15-20574

v.                                 Hon.  DENISE PAGE HOOD

COREY MAPP,

          Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO VACATE §924(c) CONVICTION UNDER § 2255 [#249] AND DENYING AS MOOT THE MOTIONS AT ECF Nos. 267, 276, and 293

### I.    INTRODUCTION

On December 13, 2016, Defendant Corey Deandre Mapp ("Mapp"), pursuant to a Rule 11 Plea Agreement, pled guilty to: (1) participating in a Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count I); (2) assault with a dangerous weapon in aid of racketeering, in violation of 18 U.S.C. § 1959(a)(3) (Count II); and (3)use and carry of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c) (Count III). [ECF No. 139] On April 20, 2017, the Court sentenced Mapp to 100 months on Counts I and II, to be

served concurrently, and 120 months on Count III, to be served consecutive to Counts I and II. [ECF No. 176] On August 5, 2020, Mapp filed the instant Motion to Vacate Sentence under 28 U.S.C. § 2255 (as to his sentence on Count III). [ECF No. 249] On September 23, 2020, the Court ordered a Response from the Government. [ECF No. 251] On October 27, 2020, the Government filed its Response. [ECF No. 254]

For the reasons set forth below, Mapp's Motion to Vacate Sentence under 28 U.S.C. § 2255 is **GRANTED**.

## II.    ANALYSIS

### A. Timely Filed

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence.  28 U.S.C. § 2255(a).  Motions brought under section 2255 are subject to a one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2253(f)(1); *Dunlap v. United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). Although the instant Motion was brought after the one-year limitation period, 28 U.S.C. § 2253(f)(3) allows a defendant to bring a motion if a right has been "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). As Mapp asserts, the Supreme Court established Mapp's

right to bring the instant Motion in *United States v. Davis*, 139 S.Ct. 2319 (2019), on June 24, 2019. Accordingly, any motion filed before June 24, 2020, would be considered timely.

The Court notes that Mapp's Motion was not formally filed until August 5, 2020, but he indicates that he submitted a Section 2255 petition in January 2020. He supports that claim by including a United States Court of Appeals form Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence dated January 30, 2020. Although it does not appear that the Court ever received that form, the Court will assume that Mapp did submit a Section 2255 Motion to the Court in January 2020 and treat Mapp's Motion as timely filed.

### B. United States v. Davis

In *Davis*, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c) is unconstitutionally vague and struck down § 924(c)'s "crime of violence" definition. Guided by *Davis*, Mapp argues that his 924(c) conviction must be vacated because it was predicated upon a Racketeering Conspiracy conviction as a crime of violence. The Government agrees. The Rule 11 Plea Agreement only found that Mapp and other members of the conspiracy agreed to participate, indirectly and directly, to conduct the enterprise's affairs through a pattern of racketeering activity. [ECF Nos. 139, PageID.434] The Plea Agreement

3

specifically found that Mapp conspired to complete a home invasion and assaulted, shot, and/or robbed a number of persons. [ECF No. 139, PageID.439-41]

Although the facts were enough to convict Mapp of a RICO conspiracy under 18 U.S.C. § 1962(d), the Plea Agreement only found that Mapp made an *agreement* to commit racketeering acts. The Plea Agreement did not establish as "an element" of the RICO conspiracy that Mapp ever completed a home invasion, assault, shooting, or robbery, or even that he attempted or threatened any of the same. § 924(c)(3)(A). Since the Government does not contest Mapp's Motion, the only remaining issue is the remedy.

### C. Remedy

Section 2255 gives the Court the power to either "resentence" Mapp or to "correct the sentence as may appear appropriate." As long as the Court explains the basis for its reasoning, it has "wide berth in choosing the proper scope of post-2255 proceedings." *Ajan v. United States*, 731 F.3d 629, 633 (6th Cir. 2013). The Government asserts that the Court has the authority to conduct a full resentencing and increase Mapp's sentence within the guidelines range of 188-235 months. Alternatively, the Court could reconsider the concurrent nature of the RICO conspiracy in light of the vacated § 924(c) conviction.  Every circuit, including the Sixth Circuit has held that district courts have "the authority to resentence a defendant who has secured reversal of a § 924(c) conviction under § 2255."

4

*Pasquarille v. United States*, 130 F.3d 1220, 1222 (6th Cir. 1997). Even the Supreme Court in *Davis* noted that courts could "increase the sentences for any remaining counts if such an increase is warranted." 139 S. Ct. at 2336. The Government argues that nothing in *Davis* precludes the Court from finding that Mapp's conduct was any less violent, or any less culpable as a participant in his gang—the Band Crew.

"Rather than . . . conduct a de novo resentencing," the Government advocates for vacating the § 924(c) conviction and leaving the 100-month RICO conspiracy and assault with a dangerous weapon in aid of racketeering sentences as is. *United States v. Nichols*, 897 F.3d 729, 738 (6th Cir. 2018). The Government asserts that such an action is appropriate as long as the Court can "properly rely on the explanation . . . originally provided in support of [Mapp's] sentence." *Nichols*, 897 F.3d at 738.

The Court concludes that it can fully comply with *Nichols* because none of the underlying conduct for the RICO conspiracy and assault with a dangerous weapon in aid of racketeering has changed, and Mapp's guideline ranges for the RICO conspiracy and assault with a dangerous weapon in aid of racketeering convictions are still the same as they were at his original sentencing proceeding.

I.   **CONCLUSION**

For the reasons listed above,

IT IS HEREBY ORDERED that Mapp's Motion to Vacate Sentence under §
2255 [ECF No. 239] is **GRANTED**.

IT IS FURTHER ORDERED that Mapp's sentence is corrected without a
full resentencing and the Court vacates Mapp's 120-month § 924(c) sentence,
leaving only the 100-month concurrent RICO-conspiracy and assault with a
dangerous weapon in aid of racketeering sentences.

IT IS FURTHER ORDERED that Defendant's Motion to Object and Strike
[ECF No. 267], Motion to Compel Judgment [ECF No. 276], and Motion to
Compel Judgment [ECF No. 293] are DENIED AS MOOT.

IT IS ORDERED.

s/Denise Page Hood
DENISE PAGE HOOD
Dated: December 15, 2022                    United States District Judge