| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office**<br>Eastern District of Michigan | PACTS<br>581981 | DATE<br>11/19/2024 |
|---|---|---|---|---|
| **NAME**<br>MAPP, Corey Deandre | | **OFFICER**<br>Mary Whitt | **JUDGE**<br>Denise Page Hood | **DOCKET #**<br>15-CR-20574-01 |

| ORIGINAL SENTENCE DATE<br>04/20/2017 | SUPERVISION TYPE<br>Supervised Release | CRIMINAL HISTORY CATEGORY<br>IV | TOTAL OFFENSE LEVEL<br>32 |
|---|---|---|---|
| COMMENCED<br>04/03/2024 | | | |
| EXPIRATION<br>04/02/2026 | | | |

| ASST. U.S. ATTORNEY<br>Craig Wininger | DEFENSE ATTORNEY<br>To Be Determined |
|---|---|

**REPORT PURPOSE**

**TO ISSUE A WARRANT**

**ORIGINAL OFFENSE**

Count 1: 18 U.S.C. §1962(d), Racketeering Conspiracy;

Count 2: 18 U.S.C. §1959(a)(3), Assault with a Dangerous Weapon in Aid of Racketeering;

Count 3: 18 U.S.C. §924(c) and 2, Use and Carry of a Firearm During, and in Relation to, a Crime of Violence

**SENTENCE DISPOSITION**

Custody of the Bureau of Prisons for a term of 100 months each on Counts 1 and 2 to run concurrently and 120 months on Count 3 to run consecutively to Counts 1 and 2, to be followed by a two-year term on supervised release on Counts 1 and 2, and three years on Count 3, all counts to run concurrently.

On 12/15/2022: Count 3 was vacated, pursuant to Order Granting Defendant's Motion to Vacate §924(c) Conviction Under §2255.

Amended Sentence: 04/24/2023: Count 3 was vacated 12/15/2022. Sentence amended as follows: Custody of the Bureau of Prisons for a term of 100 months each of Counts 1 and 2 to run concurrently, to be followed by a two-year term of supervised release on Counts 1 and 2 to run concurrently. All other conditions of the original judgment remain in full force and effect.

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | **PACTS** 581981 | **DATE** 11/19/2024 |
|---|---|---|---|---|
| **NAME** MAPP, Corey Deandre | | **OFFICER** Mary Whitt | **JUDGE** Denise Page Hood | **DOCKET #** 15-CR-20574-01 |

**ORIGINAL SPECIAL CONDITIONS**

1. If necessary, the defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol.
2. The defendant shall be lawfully and gainfully employed, participating in an educational/vocational program, or a combination thereof which would be the equivalent of full-time employment. "Full-time" employment is defined as 40 hours per week.
3. The defendant shall not be a member of or associated with any group oriented in whole or in part toward criminal purpose, commonly referred to as a "gang." Defendant shall not be found in the social company of any person who defendant knows or reasonably ought to know is a member of or associated with such a gang. The defendant shall not possess, wear or display in any manner any insignia, emblem, hat, scarf, bandana or article of clothing which is designed, arranged, or used in any way to symbolize membership in, affiliation with or approval of a gang. You must not possess, wear or display any article of clothing to which any insignia or name (including, for example, either a designer's name or symbol), which is easily discernible from a distance or more than 10 feet. The defendant shall not at any time use his hand or body signals of such kind as are associated with signifying membership in, affiliation with or approval of a gang. The defendant shall acquire no tattoos, body markings or piercings of any kind.
4. The defendant shall submit his person, residence, office, vehicle(s), papers, business or place of employment, and any property under his control to a search. Such a search shall be conducted, upon petition to the Court, by a United States probation officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Criminal Monetary Penalty:  Special Assessment $200.00 (obligation ceased).

The probation officer believes that the offender has violated the following conditions of Supervised Release:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1 | **Violation of Mandatory Condition:** "YOU SHALL NOT COMMIT ANOTHER FEDERAL, STATE, OR LOCAL CRIME". <br><br> On September 27, 2024, MAPP was arrested by officers from the Dearborn Police Department for Retail Fraud Second Degree and Obstructing Police. According to the incident report obtained from the Dearborn Police Department, officers were dispatched to Target to investigate the report of retail fraud. The suspects, later identified as COREY MAPP and Michael Jordan, were observed at the U-Scan scanning a cheaper item for multiple cases of Red Bull. They paid $26.90 for the merchandise which was valued at $204.00. MAPP and Mr. Jordan exited the store when Target Loss Prevention approached them. Upon exiting the store, |

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 581981 | DATE 11/19/2024 |
|---|---|---|---|---|
| **NAME** MAPP, Corey Deandre | **OFFICER** Mary Whitt | **JUDGE** Denise Page Hood | | **DOCKET #** 15-CR-20574-01 |

MAPP and Mr. Jordan observed the police officer's fully marked patrol car and ran through the parking lot. They were later apprehended.

On September 30, 2024, MAPP was charged with Larceny under $200 and Fail to Obey Police Officer in the 19th District Court, Dearborn, Michigan, Case number 2021-24C42455-OM and 2021-24C42456-OM On November 21, 2024, a pretrial hearing is scheduled.

**2**  **Violation of Standard Condition No. 9:** "IF YOU ARE ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER, YOU MUST NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS."

On October 13, 2024, MAPP was identified as the rear seat passenger during a traffic stop. The driver, Tiffany Perkins, was pulled over by officers from the Warren Police Department for excessive speed. According to the incident report, when officers approached the vehicle, they noted three vehicle occupants: Ms. Perkins in the driver's seat, an unidentified male in the passenger's seat, and MAPP in the backseat. MAPP was observed leaning forward towards the driver's seat. His right hand was between the driver's seat and the center console. When the police officer's flashlight was shined in the vehicle MAPP leaned back and sat up straight. Ms. Perkins informed the police officer she did not possess a valid driver's license. The police officer asked all occupants if there were any firearms in the vehicle, which they denied. The front passenger leaned over and started the vehicle. A police officer opened the passenger side door and observed a Don Julio tequila bottle on the floor mat on the passenger's side. MAPP leaned forward and said, "Go Go". The police officer opened the driver's side door as Ms. Perkins sped away, causing her purse to fall out. The police officers pursued the vehicle until advised by their lieutenant to discontinue.

The probation officer obtained and reviewed the police officer's body worn camera footage of the traffic stop and the ensuing chase. The probation officer observed that it was MAPP in the backseat of the vehicle.

At no time did MAPP report this interaction with police to the probation officer.

**3**  **Violation of Standard Condition No. 8:** "YOU MUST NOT COMMUNICATE OR INTERACT WITH SOMEONE YOU KNOW IS ENGAGED IN CRIMINAL ACTIVITY. IF YOU KNOW SOMEONE HAS BEEN CONVICTED OF A FELONY, YOU MUST NOT KNOWINGLY COMMUNICATE OR INTERACT WITH THAT PERSON WITHOUT FIRST GETTING PERMISSION OF THE PROBATION."

MAPP did not have permission to communicate or interact with someone engaged in criminal activity.

| PROB 12C (Rev. 08/18) | **VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 581981 | DATE 11/19/2024 |
|---|---|---|---|---|
| **NAME** MAPP, Corey Deandre | **OFFICER** Mary Whitt | | **JUDGE** Denise Page Hood | **DOCKET #** 15-CR-20574-01 |

On September 27, 2024, MAPP was arrested by officers from the Dearborn Police Department for Retail Fraud Second Degree and Obstructing Police. According to the incident report obtained from the Dearborn Police Department, officers were dispatched to Target to investigate the report of retail fraud. COREY MAPP and Michael Jordan were observed at a Target store at the U-Scan scanning a cheaper item for multiple cases of Red Bull. They paid $26.90 for the merchandise which was valued at $204.00. MAPP and Mr. Jordan exited the store when Target Loss Prevention approached them. MAPP and Mr. Jordan fled from police by running through the parking lot but were later apprehended.

On October 13, 2024, MAPP was identified as the rear seat passenger during a traffic stop. According to the incident report from the Warren Police Department, officers questioned the driver, Tiffany Perkins. A police officer opened the passenger side door and observed a Don Julio tequila bottle on the floor mat on the front passenger's side. MAPP leaned forward and said, "Go Go". The police officer opened the driver's side door as Ms. Perkins sped away, causing her purse to fall out. The police officers pursued the vehicle until advised by their lieutenant to discontinue.

| I declare under penalty of perjury that the foregoing is true and correct. **PROBATION OFFICER** s/Mary Whitt/slg 313-234-5423 | **DISTRIBUTION** Court |
|---|---|
| **SUPERVISING PROBATION OFFICER** s/Christina R. Wilkerson 313-234-5460 | **PROBATION ROUTING** Data Entry |

## THE COURT ORDERS:

[X]  The issuance of a warrant

[ ]  Other

       s/Denise Page Hood
United States District Judge

       12/13/2024
Date